DAMON J. KEITH, Circuit Judge,
concurring in part and dissenting in part.
In my view, Plaintiffs’ claims were properly dismissed and the district court’s judgment should be affirmed in its entirety-
It is undisputed that there is no state law that gives anyone in the public a right to gambling. Millionaire-Party licenses are completely discretionary. MCL §§ 432.104, 104a(l) (“the commissioner may issue 1 or more of the following licenses”) (emphasis added). If the commissioner chooses to issue a license for a Millionaire Party, that license is given to a charity—not the venue where the event will be held. There is no license to lease space for a millionaire party. There is no process for approving a would-be lessor. All of these facts are undisputed by Top Flight. Therefore, Top Flight has not identified any protected property interest in being an approved location. As the district court held, Top Flight has provided no source in state law or regulations from which it derived any expectation of entitlement.
Furthermore, Plaintiffs’ claim that there is some sort of violation of their freedom of expression is implausible. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (holding that a complaint must state sufficient facts to state a claim “to relief that is plausible on its face.”). While the majority accuses Defendants of ignoring parts of the complaint—namely the allegation that gaming events should not be held at topless bars— *636 the majority itself ignores Plaintiffs’ allegations that defeat their own claim. Plaintiffs, in the complaint, acknowledge that the Lottery Commissioner met with Top Flight and that the Commissioner was aware that Top Flight was a “sexually[-]oriented business offering adult entertainment.” Plaintiffs state, in the complaint, that the Lottery staff visited the topless bar before it authorized gaming nights at the bar.
The facts, as stated by Plaintiffs, indicate that Top Flight was initially approved for Millionaire Parties as an establishment that had topless dancers. There are no facts or allegations in the complaint that tie the topless dancing to the alleged adverse action. Top Flight had dancers when it was approved and continues to have them today. There is no allegation that it would be approved as a location again if the topless dancing were discontinued. Plaintiffs’ complaint that it is being retaliated against for exercising its freedom of expression is implausible on its face. The district court properly dismissed the claim.
Because Plaintiffs’ claims were properly dismissed, I decline to address the issues of immunity raised in the majority. Accordingly, I respectfully dissent from the majority’s partial reversal. I would affirm the district court’s judgement in its entirety-